**COUNTIES: INSURANCE: RETIRED EMPLOYEES:** Health insurance coverage for retired employees may be modified in connection with a new collective bargaining agreement. Minn. Stat. §§ 179A.03 subd. 19, 179A.20, 471.61, 471.6161.

125a-28
(Cr. Ref. 59a-25; 161b-7)

April 30, 2001

John J. Muhar, Esq.
Itasca County Attorney
123 N.E. Fourth Street
Grand Rapids, MN 55744

Dear Mr. Muhar:

Thank you for your letter of March 30, 2001 requesting the opinion of the Attorney General regarding health insurance for retired county employees under the facts described below.

## FACTS

As part of the settlement of its 2000-2002 labor agreements, Itasca County and the respective collective bargaining representatives of its employees agreed to change to a new health insurance coverage which raised the prescription drug premium and added a new office call co-pay. The collective bargaining agreements provided that the new coverage, known as Arrowhead Pro Care Option V, would apply to all active employees and all retirees who continue to maintain coverage under the Itasca County plan. Itasca County has consistently applied to all retirees any coverage changes, statutorily mandated or otherwise, that may have been applied to active employees in prior years. There is no documentation of any promise by Itasca County to provide a certain level of health insurance coverage for retirees other than the implied promise, based on changes in retirees' coverage over the years that mirrored changes in active employees' coverage, that retirees would receive the same coverage as active employees.

You then ask substantially the following questions:

## QUESTION ONE

> May Itasca County and the collective bargaining representatives of its employees agree by labor contract to add or increase co-pays for retirees?

## OPINION

We answer your question in the affirmative. Pursuant to Minn. Stat. § 471.61 subd. 2a (2000), a county is authorized to provide group health insurance benefits for its retired officers and employees and dependents and may elect to pay all or part of the premiums for such coverage. Section 471.61 subd. 2b (2000) further provides in part:

> Subd. 2b. Insurance continuation. A unit of local government must allow a former employee and the employee's dependents to continue to participate indefinitely in the employer-sponsored hospital, medical, and dental insurance group that the employee participated in immediately before

retirement, under the following conditions:

(a) The continuation requirement of this subdivision applies only to a former employee who is receiving a disability benefit or an annuity from a Minnesota public pension plan other than a volunteer firefighter plan, or who has met age and service requirements necessary to receive an annuity from such a plan.

(b) Until the former employee reaches age 65, the former employee and dependents must be pooled in the same group as active employees for purposes of establishing premiums and coverage for hospital, medical, and dental insurance.

. . .

(e) The former employee must pay the entire premium for continuation coverage, except as otherwise provided in a collective bargaining agreement or personnel policy. A unit of local government may discontinue coverage if a former employee fails to pay the premium within the deadline provided for payment of premiums under federal law governing insurance continuation.

. . .

The Attorney General's Office has previously interpreted this subdivision to entitle retired employees to continue participation in the insurance "group" in which they previously participated. *See* Op. Atty. Gen. 161b-7, December 15, 1998. Further, this Office has previously opined that premium and coverage levels for employees 65 years of age and older may differ from those for active employees and younger retirees. *Id.* However, there is nothing contained in Section 471.61 that would restrict a county and the collective bargaining representative of employees from agreeing by labor contract to add or increase co-pays for retirees generally, as long as such co-pays apply to active employees as well.

As you likely know, collective bargaining agreements may also expressly provide for employer payment for retiree insurance coverage. *See* Minn. Stat. § 179A.03 subd. 19 (2000). However, Minn. Stat. § 179A.20 subd. 2a (2000) limits the duration of the employer's obligation under such contracts as follows:

A contract may not obligate an employer to fund all or part of the cost of health care benefits for a former employee beyond the duration of the contract, subject to section 179A.20, subdivision 6. A personnel policy may not obligate an employer to fund all or part of health care benefits for a former employee beyond the duration of the policy. A policy may not extend beyond the termination of the contract of longest duration covering other employees of the employer or, if none, the termination of the budgetary cycle during which the policy is adopted.

Consequently, neither the level of coverage for retirees nor the amount of employer contribution may be assured beyond the term of a collective bargaining agreement. This provision also implies that levels of coverage for a group that includes retirees, as well as the amount of any employer payment for retiree coverage, are subject to change. For the above reasons, it is our opinion that Itasca County and the collective bargaining representative of its employees may, by labor contract, add or increase co-pays for retirees, so long as such increased co-pays apply to active employees as well.

## QUESTION TWO

Is the answer different depending on whether the retiree retired before or after the effective date of Minn. laws 1988, Ch. 605?

## OPINION

Subject to the qualifications discussed below, we answer your question in the negative.

Prior to 1988, retirement contributions and benefits, including retiree insurance benefits, were not a permissible subject for collective bargaining agreements. *See* Minn. Stat. § 179A.03 subd. 19 (1986); *Minnesota Teamsters Public and Law Enf. Employees Union Local No. 320 v. County of Washington*, 413 N.W.2d 245 (Minn. Ct. App. 1987), *review granted*, December 18, 1987; *appeal dismissed* April 29, 1988. In the Act of April 24, 1988, Ch. 605 1988 Minn. Laws 671, the legislature amended section 179A.03, subd. 19 to remove employer payment of, or contribution to, premiums for group insurance coverage of retired employees from the list of non-bargainable subjects. Minn. Laws 1988, Ch. 605 § 4. That chapter also enacted section 179A.20 subd. 2a (quoted above) which limits the term of employer obligations to fund retiree health insurance. *Id.*, § 7.

In *Law Enf. Labor Services, Inc., v. County of Mower*, 469 N.W.2d 496 (Minn. Ct. App. 1991), *review granted*, July 24, 1991, the court held that the effect of chapter 605 was, *inter alia*, to require continuing employer health insurance payments for employees who retired prior to the effective date of Chapter 605 under a contract that guaranteed lifetime employer-paid health coverage. That holding was affirmed by the Minnesota Supreme Court which said:

> Having represented to [a retiree] that he had satisfied the eligibility conditions for retirement benefits, including payment by the county of health care insurance premiums for the retiree and his dependents, the county is estopped from depriving [the retiree] and other similarly situated retirees of the fruit of their legitimate expectations. *See Christensen v. Minneapolis Municipal Employees Retirement Board*, 331 N.W.2d 740 (Minn. 1983) (promises regarding retirement benefits held binding pursuant to doctrine of promissory estoppel). We hold, therefore, that the County of Mower is estopped from denying that the collectively bargained agreement in force at the time of the retirement of Baker and other similarly situated retirees provides retirement benefits which include payment by the county of premiums for health care insurance covering the retiree and his dependents and that the right to such benefits is vested for the life of the retiree and cannot be altered absent the retiree's express consent.

*Law Enf. Labor Svcs. v. County of Mower*, 483 N.W.2d 696, 701 (Minn. 1992).

Therefore an employee who retired before the effective date of 1988 Minn. Laws Ch. 605, at a time when there was in effect a collective bargaining agreement or other enforceable promise guaranteeing the employee a particular level or duration of employer-paid post retirement health care, would be entitled to fulfillment of that promise. In your letter you state that there is "no documentation of any promise" to provide any particular level of coverage to retirees. Assuming no such enforceable promise can be established, we answer your question in the negative.

Given our answers to your first two questions, responses to other questions raised in your letter are not required.

Please contact me if you have any questions.

Respectfully submitted,

MIKE HATCH
Attorney General

KENNETH E. RASCHKE, JR.
Assistant Attorney General